YAMATO TRADING COMPANY, Appellant, *v.* LEO W. HOEXTER, Respondent, Impleaded, etc.

*Costs — not allowed, as a matter of course, to an infant defendant in whose favor a verdict is directed on proof of infancy — costs should not be allowed to an infant escaping from a partnership liability by pleading infancy.*

Upon the trial of this action, brought by the plaintiff to recover for goods sold to the defendants, composing the firm of A. Hoexter & Co., a verdict was directed in favor of the defendant Leo, upon the ground alleged and proved that he was an infant, and a judgment for costs and an extra allowance was also entered in his favor.

*Held,* that, in so far as it awarded costs and an extra allowance, it should be reversed.

That, under section 3229 of the Code of Civil Procedure, he was not entitled to costs, as a matter of course, but that their allowance depended upon a special application to the court by which costs could be withheld or allowed according to its sound discretion.

That where a person, who is engaged in business as a copartner with another, and is ostensibly competent to carry it on, incurs in form the usual liability appertaining to it, and escapes that liability by pleading his infancy, it is not a just exercise of discretion to allow him to recover costs after having enjoyed the advantages of the purchase of property by the firm.

APPEAL from a judgment entered upon the verdict of a jury in favor of the defendant, directed by the court, and from an order awarding him seventy-five dollars extra allowance and costs.

*Alfred Taylor*, for the appellant.

*Blumensteil & Hirsch*, for the respondent.

DANIELS, J.:

The action was brought to recover for goods sold and delivered by the plaintiff to the firm of A. Hoexter & Company. The defendant, by his answer, admitted himself to be a partner with Augustus Hoexter, and also with Henry W. Strauss, who was a special partner in the firm. But as a defense to his liability for the price of the goods he alleged in his behalf that he was a minor under the age of twenty-one years, and that fact was proved upon the trial by evidence justifying the court in directing a verdict in his favor. As to the other general partner, a verdict was recovered against him for the price of the goods. But costs, together with an allowance, were adjusted and recovered by the judgment in favor of the defendant Leo W. Hoexter. In his defense he appeared by attorney and not by guardian, as that was required to be done in the regular course of an action against him as an infant. But so far as judgment was recovered by him relieving him from liability upon the plaintiff's demand, it cannot be disturbed, although irregularly obtained. But under section 3229 of the Code of Civil Procedure he was not entitled to costs as a matter of course, but that depended upon a special application to the court in which costs could be withheld or allowed according to its sound discretion. But where a person who is engaged in business as a co-partner with another, and is ostensibly competent to carry it on, incurs in form the usual liabilities appertaining to it, and escapes that liability by his infancy, it does not seem to be a just exercise of discretion to allow him to recover costs after having enjoyed the advantages of the purchase of the property. While infancy was a legal defense to the action, its successful interposition was not entitled to be rewarded in this manner. A person in trade with another as a co-partner is held out as competent to engage in and transact the business appertaining to the firm. If by reason of his immature years he is not in that condition, and avoids the firm indebtedness by means of that circum-

stance, fair dealing and a reasonable execution of the law require that he should be satisfied with that measure of success without burdening the party with whom he and his partner have dealt, by loading it with the expenses of the litigation required to ascertain the truth of the fact relied upon to exonerate such debtor from liability. It was a fact peculiarly within the knowledge of this defendant and the members of his family, and of which the plaintiff and its agents do not appear to have been aware. And it did no more than the circumstances required, in putting the defendant to proof of his inability to bind himself by reason of his infancy.

So far as the judgment awards costs, and the order directed an additional allowance they should be reversed, and, as modified in that manner the residue of the judgment should be affirmed, without costs of the appeal to either party.

Van Brunt, P. J., and Brady, J., concurred.

Judgment modified, as directed in opinion, and affirmed as modified, without costs to either party.